**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GARY LESTER HALL, et al., )<br>)<br>Defendants. )<br>_____ ) | **CRIMINAL ACTION**<br><br>No. 08-10208-MLB |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

This case comes before the court on numerous motions filed by defendants. Eleven defendants, three of which are corporate entities, have been charged in an Indictment filed on October 15, 2008. The indictment contains a total of 43 counts and a forfeiture allegation. The indictment alleges a conspiracy to commit Contraband Cigarette Trafficking Act ("CCTA") record keeping violations, mail fraud, wire fraud, violations of the interstate travel or transportation in aid of racketeering enterprises statute, conspiracy to commit money laundering, and money laundering from January 2005 through May 7, 2007. The motions are fully briefed and ripe for decision.

   **A.  Justin Boyes and Discount Tobacco Warehouse, Inc.'s Motion
        to Strike Surplusage (Docs. 116, 160)**

Justin Boyes and Discount Tobacco Warehouse ("DTW") move to strike paragraphs 30 through 35 in the indictment as surplusage because they "allege improper conduct" which occurred prior to the dates named in the indictment. The government responds that paragraphs 30 through 35 in the indictment provide background

information and complete the story of the crimes charged because they show defendants' "knowledge, implementation, and progression of the conspiracy, and explain the circumstances surrounding the charged crimes." (Doc. 160 at 5).

> Rule 7(d) of the Federal Rules of Criminal Procedure provides that on a defendant's motion the court "may strike surplusage from the indictment." As worded, the rule offers broad judicial discretion, but it has not been construed by the courts to favor the striking language. (Citations omitted). Thus, courts have not struck language unless it was both clearly irrelevant to the charges and inflammatory or prejudicial to the defendant. (Citations omitted). "This is an exacting standard that is rarely met."

United States v. Cooper, 283 F. Supp.2d 1215, 1240 (D. Kan. 2003).

The court finds that portions of paragraphs 30 to 35 are relevant to the charges alleged in the indictment in that they provide informative background concerning the creation of DTW and Rebel Industries ("Rebel") and the roles they played in the alleged conspiracies. Furthermore the court finds that the language is not unfairly prejudicial. This is a complex case which justifies, and may even require, that each defendants' alleged conduct be described in more detail than that which otherwise might satisfy Rule 7(c). Indeed, it is ironic that these defendants, and others, have simultaneously moved to strike surplusage while, at the same time, have sought bills of particulars on the basis that the indictment is insufficient (see infra). The entire indictment may, or may not, be given to the jury but whether it is or is not, the court will instruct the jury that the indictment is not evidence.

Boyes and DTW have failed to meet their burden. Their motion to strike surplusage is denied. (Doc. 116).

**B. Motion to Strike Surplusage (Docs. 123, 166)**[1]

All of the other defendants move to strike essentially every paragraph in the indictment because they contain language that goes beyond a plain and concise description of the allegations and are argumentative and prejudicial.[2] Defendants further contend that these paragraphs are irrelevant.

The court's comments regarding Boyes' and DTW's motion to strike are equally pertinent here. Paragraphs 1 to 14 and 25 to 69 provide facts relevant to the crimes charged in the indictment. Defendants' motion to strike surplusage is denied. (Doc. 123).

**C. Justin Boyes and Discount Tobacco Warehouse, Inc.'s Motion for a Bill of Particulars (Docs. 119, 162)**

Boyes and DTW argue that the indictment is not sufficient to put them on notice of the nature and manner of the commission of the alleged conspiracy. Boyes and DTW seek the identity of "various Native American Tribal Nations in which defendants allegedly conspired to defraud, any "different" role(s) either Boyes or DTW undertook other than what is alleged in the indictment, the identity of known but unidentified co-conspirators, the government's theory as to how cigarette reports submitted to the State of Kansas comprised a scheme to defraud the State of Oklahoma, and the government's theory as to what conduct done by Boyes and/or DTW and its employees support the offenses charged in counts 2, 5, 6, 8, 10, 12, 13, 15-25, 37, 39, and

---

[1] Boyes and DTW do not join in this motion.

[2] "Defendants request[] that the court strike every allegation related to the conspiracy, except for the statutory language set forth in paragraphs 17 through 24, and paragraphs 15 and 16 which identify the conspiracy's time frame and participants." (Doc. 166 at 5).

41-43. Boyes and DTW also seek a bill of particulars directing the government to detail which acts alleged in paragraphs 20 to 22 apply to the conspiracy charged in count 1 and which acts alleged in paragraphs 84 to 86 apply to the conspiracy charged in count 33. (Doc. 119 at 2-3).

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense . . . ." United States v. Kunzman, 54 F.3d 1522, 1526 (10th Cir. 1995)(quoting United States v. Levine, 983 F.2d 165, 166-67 (10th Cir. 1992)). "A bill of particulars, however, is not a discovery device but may serve to amplif[y] the indictment by providing additional information." United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988)(internal citations omitted). The Tenth Circuit has held that an indictment is sufficient if it apprises defendants of their crimes and defendants have been provided full discovery. Kunzman, 54 F.3d at 1526. Defendants' request must show that the failure to provide the information would result in prejudicial surprise. United States v. Anderson, 31 F. Supp.2d 933, 938 (D. Kan. 1998)(citing United States v. Wright, 826 F.2d 938, 943 (10th Cir. 1987)).

Defendants cite Anderson for the proposition that they should be provided with the identity of unindicted co-conspirators. The court agrees. This information, if not disclosed, may subject defendants to prejudicial surprise or double jeopardy problems as Anderson contemplated. The court also agrees that the identities of the Native American Tribes that defendants allegedly intended to defraud are necessary for Boyes and DTW to properly prepare for

trial.[3] The government will disclose to defendants' counsel the names by unfiled letter on or before December 14, 2009.

The remaining information sought by defendants, however, has not been shown to be necessary for defendants to prepare for trial. <u>Anderson</u>, 31 F. Supp.2d at 938. The government has provided defendants with extensive discovery, a fact that defendants have not contested. In addition, in its response, the government points to information already provided to defendants, or otherwise available to them, which is responsive to defendants' requests. Some of this information has been discussed in hearings. Defendants are not entitled to know the entirety of the government's case, which is essentially what they are requesting.

Boyes and DTW's motion for a bill of particulars are granted in part and denied in part, without prejudice.[4] (Docs. 119).

**D. Motion for Bill of Particulars (Docs. 120, 162)**[5]

Defendants seek a bill of particulars as to "Counts 1 and 8-17, specifying how the Kansas monthly cigarette reports listed in Counts 8-17 were 'false'; (2) how placing certain documents in the mail to a Kansas entity concealed and furthered any alleged scheme to defraud

---

[3]The government responds that Boyes and DTW know the identities of the Native American tribes because of the actions between some defendants and the OTC and Native American tribes. While this may be true, the court does not know if all defendants are privy to this information and/or if there are other tribes allegedly defrauded in the indictment that were not part of the actions in Oklahoma. The government does not state one way or another.

[4]While it does so with some reluctance, the court will permit defendants to file supplemental motions for bills of particulars but only if defendants make very specific showings regarding why the information is essential. See section E., <u>infra</u>.

[5]Boyes and DTW do not join in this motion.

Oklahoma; and (3) which and how many Native American Tribal Nations the government contends the defendants conspired to defraud." (Doc. 120 at 1-2).

As noted supra, the court directs the government to provide a list of the Native American Tribal Nations that defendants allegedly conspired to defraud. The remaining information sought by defendants, however, has not been shown to be necessary for defendants to prepare for trial. Anderson, 31 F. Supp.2d at 938. In paragraphs 36 and 43 of the indictment (Doc. 1), the government sufficiently details why it believes the monthly reports submitted via mail to the State of Kansas were "false."[6]

Defendants' motion for a bill of particulars are granted in part and denied in part, without prejudice. (Docs. 120).

**E. Gary Hall and Sunflower Supply's motion for Leave to File Notice of Common Law Defenses Closer to Trial Date (Docs. 121, 164) and Defendants' Motions to File Additional Pre-trial Motions (Docs. 124, 130, 136, 151, 167, 171, 196)**

At this point in time, defendants assert that they are still reviewing discovery as well as seeking additional discovery from the government and various third parties. Defendants contend that the need to file additional motions might arise after they have had a chance to review all discovery.

On October 14, 2009, the court designated this case complex. (Doc. 215). The court is well aware of the voluminous documents and

---

[6]"The false reports concealed the true destination of cigarettes transported to various retail locations throughout Oklahoma including cigarettes shipped to and purchased by Shawnee Tobacco which was operated by HALL and managed by DAVIS." (Doc. 1 at 8).

reports generated in this case and understands that additional time might be necessary in order for defendants to fully understand the issues. Therefore the court will permit defendants to file any additional motions by January 22, 2010. The government must respond by February 12, 2010. No replies shall be filed.

**F. Motion for Early Production of Jencks Material (Docs. 122, 165)**

Defendants move for early production of Jencks material at least 180 days prior to trial that is scheduled on April 13, 2010. The government responds that the court has no authority to grant defendants' request. The court recognizes the importance of early production of statements or reports which are made by government witnesses in preventing burdensome recesses and delay at trial. While the court encourages early production of Jencks material, it nonetheless, lacks authority to compel early production prior to trial. United States v. Ordaz-Gallardo, 520 F. Supp.2d 516, 523 (S.D.N.Y. 2007); see also United States v. Lujan, 530 F. Supp.2d 1224, 1254 (D. N.M. 2008).

Defendants' motion for early production of Jencks material is denied. (Doc. 122).

**G. Motion to Find Counts 1 and 33 Multiplicitous (Docs. 132, 173)**

Count 1 in the indictment charges a conspiracy to divert cigarettes in violation of 18 U.S.C. § 371. Count 33 charges a conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Defendants contend that Counts 1 and 33 are multiplicitous because paragraphs 20-22 and 84-86 of the indictment, which support

-7-

the conspiracies charged in Counts 1 and 33, involve the time periods and defendants and allege almost identical facts.

> "'Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior.'" (Citations omitted). Though not a fatal error for an indictment, multiplicity presents the danger of multiple sentences for one offense and the improper impression to the jury that the defendant committed more than one crime. (Citations omitted). The test for deciding whether someone may be prosecuted simultaneously for violations of two different statutes involving the same conduct is not the same as the standard for deciding whether someone can be convicted and punished under the two different statutes. (Citations omitted). As to the former standard, the issue is whether the statutory language and legislative history show the two statutes were intended to operate and to be applied independently. (Citations omitted). As to the latter standard, the issue is whether Congress intended someone to be convicted and punished for two offenses for having committed the same conduct. (Citations omitted).

United States v. McCullough, 457 F.3d 1150, 1162 (10th Cir. 2006); United States v. Holveck, 867 F. Supp. 969, 976 (D. Kan. 1994). The court will apply the Blockburger test if Congress' intent is unclear. United States v. Greene, No. 06-5063, 2007 WL 2326089, at *3 (10th Cir. Aug. 16, 2007).

The court has found no Tenth Circuit cases deciding whether an indictment that charges different conspiracies in two separate counts in violation of 18 U.S.C. §§ 371 and 1956(h) is multiplicitous. Other courts, however, have held that "a conspiracy to defraud the United States under 18 U.S.C. § 371 and a conspiracy to commit money laundering under 18 U.S.C. § 1956(h) require proof of different facts." See, e.g., United States v. Tiedeman, No. 00-1789, 2001 WL 830578, at *1 (2nd Cir. July 24, 2001) (citing Blockburger v. United States, 284 U.S. 299, 304 (1932)). "A Section 371 conspiracy requires proof of an intent to commit an offense against the United States-a

-8-

fact not required to be proven for a Section 1956(h) conspiracy. Likewise, a Section 1956(h) conspiracy requires proof of an intent to conduct a financial transaction that would affect interstate commerce-a fact not required to be proven for a Section 371 conspiracy." Id.

Furthermore, it appears that Congress intended for these two statutes to operate and be applied independently. The language in § 1956(h) is specifically tailored to conspiracies to commit money laundering and carries a more severe punishment than the general conspiracy statute in § 371. United States v. Pacella, No. CR 95-1197, 1996 WL 288479, at *2 (E.D.N.Y. May 24, 1996) (holding that Congress intended to authorize multiple punishments for conspiracies to violate 18 U.S.C. §§ 371 and 1956(h)). "[T]he text of § 1956(h) fails to provide any cross-reference to § 371. Mere use of the word 'conspires' surely is not enough to establish the necessary link between these two separate statutes." Whitfield v. United States, 543 U.S. 209, 215 (2005) (holding that there is no "overt act" requirement to allege or prove conspiracy to commit money laundering).

Defendants' motion to find Counts 1 and 33 multiplicitous is denied (Doc. 132).

## II. CONCLUSION

Boyes and DTW's and defendants' motions to strike surplusage (Docs. 116, 123) are denied. Boyes and DTW's and defendants' motions for bills of particulars (Docs. 119, 120) are granted in part and denied in part. Defendants' motions for leave to file notice of common law defenses and additional motions (Docs. 121, 124, 130, 136) are granted. Defendants' motion for early production of Jencks

material (Doc. 122) is denied. Defendants' motion to find Counts 1 and 33 multiplicitous (Doc. 132) is denied.

Hall and Sunflower Supply's motion for judicial notice of documents (Doc. 198) is granted for the purposes of the <u>Franks</u> hearing. The government's motion to quash subpoenas (Doc. 200) is denied as moot.

IT IS SO ORDERED.

Dated this <u> 3rd </u> day of December 2009, at Wichita, Kansas.

<u>s/ Monti Belot</u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE