**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) v. ) ) GARY LESTER HALL, et al., ) ) Defendants. ) ) | **CRIMINAL ACTION** No. 08-10208 |

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Defendants Gary Hall and Sunflower Supply Co., Inc.'s ("Sunflower") motion in limine to prohibit use of prejudicial terminology (Doc. 260) and the government's response (Doc. 297).

2. Defendant Keith Noe's motion in limine (Doc. 263) and the government's response (Doc. 298)and

Other defendants have moved to join the motion. (Docs. 264, 266, 267, 270, 272, and 304). The government does not object. (Doc. 300). Defendants' motions to join are granted.

Defendants seek to prohibit use of prejudicial terminology and the admission of evidence pertaining to payment of attorney fees at trial. To the extent it can with the information before it, the court will briefly rule on each motion. The court cautions the parties, however, that nothing in this Order will preclude the admissibility of the excluded evidence if it otherwise becomes relevant at trial. See Turley v. State Farm Mut. Ins. Co., 944 F.2d 669, 673 (10th Cir. 1991) ("The better practice would seem to be that evidence of this

nature . . . should await development of the trial itself.").

### Prejudicial Terminology (Doc. 260)

Defendants move to prohibit the government from using the following terminology: "Bootlegging" or "bootlegged" cigarettes, "contraband" cigarettes, "diversion" or "diverting" of cigarettes, "funneling" of invoices or cigarettes or profits, and the defendants' defense is that "I beat my spouse because everyone beats their spouse." (Doc. 260 at 2-3).

At this time, the court finds that the terms "bootlegging" or "bootlegged" are prejudicial and not appropriate at trial. Nor does the court find that the phrase "I beat my spouse because everyone beats their spouse" is an appropriate analogy of defendants' defense. Therefore, these phrases are prohibited from being used at trial.

However, at this time, the rest of the words have not been shown to be unduly prejudicial. The cases cited by defendants are not on point. Of course, the relevance and prejudicial nature of any terminology will depend on the context in which it is used. Therefore, defendants may make objections, if any, at trial.

### Attorney fees (Doc. 263)

Defendants move to prevent the government from introducing evidence that Hall and Sunflower paid the attorneys fees of other defendants in this case. Currently, the government has no objection to defendants' motion. The government does not plan on introducing evidence regarding defendants' attorneys fees unless additional evidence should come to light regarding this matter.

At the present time, evidence of Hall and Sunflower's payment of

defendants' attorneys fees is not relevant and inadmissible at trial.

IT IS SO ORDERED.

Dated this  29th  day of June 2010, at Wichita, Kansas.

                                            s/ Monti Belot
                                            Monti L. Belot
                                            UNITED STATES DISTRICT JUDGE