**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GARY LESTER HALL, et al., )<br>)<br>Defendants. )<br>) | **CRIMINAL ACTION**<br><br>No. 08-10208 |

**MEMORANDUM AND ORDER**

This case comes before the court on the government's motion in limine. (Doc. 268). The motion is fully briefed and is ripe for decision. (Docs. 287, 288, 289, 302, 305). For the reasons stated herein, the motion in limine is denied.

Defendant Jeremy Hooker has moved to join the motion. (Doc. 304). The government does not object. (Doc. 300). Hooker's motion to join is granted.

**I.     INTRODUCTION**

The government cites Federal Rules of Evidence 401-403 and 408 and moves to exclude evidence of the following:

1. Evidence of two civil lawsuits, including their respective dispositions;

2. Evidence of retail sales which were allowed by the Native American tribes, in contravention of the law of Oklahoma;

3. Evidence of Oklahoma's failure, through state or Federal courts, to prosecute retail smoke shops, owners, or wholesalers, for the illegal activity believed to be on going with the retail to retail sales;

4. ATF's alleged declination to investigate the retailers involved in the sales;

5. Allegations of non prosecution of all retail smoke shops involved in the retail to retail sales;

6. Allegations of non prosecution of all wholesalers involved in supplying the smoke shops engaging in retail to retail sales.

Defendants respond that evidence of 1 through 6 are relevant, primarily because defendants plan to introduce evidence of 1 through 6 as support for their good faith defense and lack of intent to defraud.

The court cautions the parties, however, that nothing in this Order will preclude the admissibility of the excluded evidence if it otherwise becomes relevant at trial. See Turley v. State Farm Mut. Ins. Co., 944 F.2d 669, 673 (10th Cir. 1991) ("The better practice would seem to be that evidence of this nature . . . should await development of the trial itself.").

## II. ANALYSIS

Specific intent to defraud is an essential element in both mail and wire fraud. See Tenth Circuit Pattern Criminal Jury Instructions 2.56 and 2.57 and the court's "good faith" instruction given in the Schneider case (attached). "[E]vidence of the defendant's good faith is thus material to his defense." Hofmann v. United States, 353 F.2d 188, 190 (10th Cir. 1965)

> The good faith defense seeks to demonstrate that there was no such intent: no misrepresentation, no intentional perversion of the truth. Accordingly, the essence of the defense is that the evidence presented by the defendant, if believed by the fact finder, would completely rebut evidence that he or she intended to defraud.

-2-

United States v. Smith, 13 F.3d 1421, 1425-26 (10th Cir. 1994). Defendants are permitted to introduce evidence which shows lack of knowledge of the illegality or specific intent to defraud. See, e.g., United States v. Payne, 978 F.2d 1177, 1182 (10th Cir. 1992) ("[A] defendant in a tax evasion prosecution 'is entitled to wide latitude in the introduction of evidence which tends to show lack of specific intent.'").

The court declines to rule specifically that 1 through 6 are or are not relevant to defendants' good faith defenses. At this juncture (i.e. many months before trial) it would seem that a threshold requirement for the admission of any good faith evidence is a defendant's knowledge of the evidence at the time of a defendant's conduct. This can best be accomplished by proffers. Of course, defendants must present evidence of 1 through 6 accurately.[1] The government may respond to evidence proffered by defendants, as appropriate, and may make specific objections, if any, to any evidence when introduced at trial. Limiting instructions given both at the time the evidence is admitted and at the conclusion of the case will be important and must be proposed at the appropriate time.

## III. CONCLUSION

The government's motion in limine (Doc. 268) is denied, without prejudice. Hooker's motion to join (Doc. 304) is granted. Defendants shall submit proffers, along with supporting authority, 60 days prior to trial. The government shall respond 20 days thereafter.

---

[1] For example, one Oklahoma court issued an injunction allowing Sunflower to continue its cigarette sales while the parties were in arbitration. This is not the same result as the Oklahoma court holding that retail-to-retail sales are legal under Oklahoma law.

-3-

Defendants may reply 10 days later.

IT IS SO ORDERED.

Dated this __6th__ day of July 2010, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

INSTRUCTION NO. _____

The good faith of defendants is a complete defense to all charges, except the charges as to Stephen Schneider in Counts 2-6. As to those counts, you are to consider only good faith Instruction No. 27. This instruction, however, is not applicable when considering the good faith of Stephen Schneider to the charges in Counts 2-6. While the term "good faith" has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another. If a defendant believed in good faith that he or she was acting properly, even if mistaken in that belief, and even if others were injured by his or her conduct, there would be no crime.

A defendant who acts with honest intention is not chargeable with fraudulent intent. Evidence which establishes only that a defendant made a mistake in judgment or an error in management, or was careless, does not establish fraudulent intent. On the other hand, a defendant does not act in good faith if he or she knowingly makes false or fraudulent pretenses, representations or promises to others in order to deceive or cheat them.

The burden of establishing lack of good faith rests upon the government. A defendant is under no burden to prove his or her good faith; rather, the government must prove bad faith or knowledge of falsity beyond a reasonable doubt.