## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) v. ) ) GARY LESTER HALL, et al., ) ) Defendants. ) ) | **CRIMINAL ACTION** No. 08-10208 |

## MEMORANDUM AND ORDER

This case comes before the court on defendants Gary Hall and Sunflower Supply Company, Inc.'s ("Sunflower") motion in limine to exclude inadmissible evidence. (Doc. 259). The motion is fully briefed and is ripe for decision. (Doc. 296). For the reasons stated herein, the motion to exclude inadmissible evidence is granted in part and denied in part.

Other defendants have moved to join the motion. (Docs. 264, 267, 270, 272, and 304). The government does not object. (Doc. 300). Defendants' motions to join are granted.

Defendants seek to prohibit the admission of certain evidence at trial, which currently is scheduled for February 2011. At present, there are seven individual and three corporate defendants. The trial is expected to last as long as eight weeks. Precisely what evidence will be offered and by which witnesses, the context and timing in which the evidence will be presented, whether there will be pretrial dispositions as to some defendants and other unpredictable factors make definitive rulings difficult, at best.

For example, defendants have suggested in other submissions that

they will present good faith defenses. While it is theoretically possible for a defendant to effectively present such a defense without having to testify, it seems likely that some or all of defendants will testify. Therefore, evidence which may not be admissible in the government's case-in-chief may become admissible on cross-examination or in rebuttal. Defendants categorically assert that statements made before the alleged conspiracy are "irrelevant" and, by implication, inadmissible. But statements regarding events which occurred prior to any alleged conspiracy may be admissible as background evidence, United States v. Toro, Nos. 03-4643, 04-3168, 2005 WL 1324574, at *4 (6th Cir. May 11, 2005). And, under certain circumstances, statements made by coconspirators are admissible against a defendant who joins the conspiracy at a later date. United States v. Badalamenti, 794 F.2d 821, 827-28 (2nd Cir. 1986) and United States v. Brown, 755 F. Supp. 942, 946 (D. Colo. 1991), aff'd, 930 F.2d 35 (10th Cir. 1991).

Defendants' argument that certain statements will "confuse the issues, mislead the jury and unduly prejudice the defendants" and are generally irrelevant are incapable of resolution some eight months before trial. Defendants' assertion that certain evidence is irrelevant because it is "guilt by association" evidence is way off the home row keys. The case they cite, United States v. Espinoza, 244 F.3d 1234, 1239, n.4 (10th Cir. 2001) is not a conspiracy case. In a very real sense, a conspiracy is "guilt by association," although not in the way Espinoza uses that term. There is no basis at this juncture to find that the objected-to evidence pertains to any defendant's "association with unsavory characters." See, e.g., United

States v. Polasek, 162 F.3d 878, 884 n.2 (5th Cir. 1998), the case cited in the Espinoza footnote. On the contrary, everything thus far presented by defendants suggests that their defenses will be that they are honest, successful, law-abiding businessmen whose "associations" are entirely above-board. See Doc. 315 at p. 6.

So, to the extent it can with the information before it, the court will briefly rule on those of defendants' objections which it can at this time. The court cautions the parties, however, that nothing in this Order will preclude the admissibility of any excluded evidence if it otherwise becomes relevant and admissible at trial. See Turley v. State Farm Mut. Ins. Co., 944 F.2d 669, 673 (10th Cir. 1991) ("The better practice would seem to be that evidence of this nature . . . should await development of the trial itself.").

Statements 1-12[1]

Defendants claim that statements made by former defendant Danny Davis to law enforcement during the traffic stop on April 28, 2006, are inadmissible under the Sixth Amendment and Fed. R. Evid. 802. On January 13, 2010, the indictment against Danny Davis was dismissed. (Doc. 247). He will not be present at trial.

The government responds that it does not plan to use statements 1-12 for the truth of the matter asserted, but to show the falsity of Davis' statements to law enforcement in an effort to conceal the conspiracy. The government further responds that statements 1-12 have a "tendency to establish the existence of the alleged conspiracies, as well as prove the individual elements of the various offenses

---

[1] The statements objected to are from the government's Chart of Statements provided at the James hearing.

alleged in the indictment, but it does not explain exactly how any of the statements will accomplish either purpose. (Doc. 296 at 7). The government suggests that the court should wait until it hears the context in which the statements will be introduced and an objection is made at trial.

With considerable reluctance, the court agrees with the government's suggestion and will consider defendants' objections regarding statements 1-12 at trial. The government must give advance notice of its use of the statements and submit limiting instructions to be given at the time the statements are admitted, if they are.

Statement 15

Statement 15 was made by Rebel Industries ("Rebel") warehouse manager Renee Hill during her interview on May 8, 2007. "Hill said she was not supposed to have the list and she was told to destroy it but never had." (Gov't.'s chart of statements).

Defendants argue that statement 15 is unreliable because Hill does not identify who told her to destroy the list. The government responds that Hill will be called as a witness at trial and statement 15 is admissible as an admission against a party opponent under Fed. R. Evid. 801(d)(2)(A) or as a coconspirator statement under Fed. R. Evid. 801(d)(2)(E). These rules obviously are not applicable unless Hill can identify the speaker.

Hill may testify regarding the circumstances of her possession of the list and her responsibilities concerning the list. However, unless the government can come up with a better justification, she may not testify as to what an unidentified person told her to do with the list unless the identity of that person is known and it is admissible

under a hearsay exception.

<u>Statements 16-19</u>

Statements 16-19 were made by Sunflower company buyer Ron Houk and defendants Grantham, Hall, and Noe regarding the creation of Discount Tobacco Warehouse ("DTW") and Rebel. The statements were made in 2002-2004.

Defendants claim that statements 16-19 are irrelevant because they occurred prior to the 2005-2007 dates alleged in the indictment. This objection, in and of itself, is not persuasive. <u>See</u> <u>United States v. Toro</u>, <u>supra</u>. The court also rejects defendants' argument that the statements would encourage a "guilt-by association" verdict. Defendants further claim that statements 16-19 suggest prior bad acts evidence that is both inadmissible under Fed. R. Evid. 404(b) and unduly prejudicial.

The government responds that Houk will testify at trial. It states, without any specificity, that statements 16-19 "are evidence of the defendants' motive and illegal activity, but only when considered in context with the other evidence to be presented by the government." (Doc. 296 at 7-8). But, once again, it does not explain how.

At this time, statements 16-19 do not appear to be "bad acts." Statements regarding the creation of DTW and Rebel might be helpful background information for the jury. Therefore, the court will wait until trial to take up any objections concerning relevance or

hearsay.[2]

### Statements 33-40

Statements 33-40 consist of e-mails from R.J. Reynolds, Houk, and several defendants. Defendants claim that the statements are irrelevant, include inadmissible hearsay and will encourage a "guilt by association" verdict.

The court finds that statements 33-40 are relevant to the dates and charges alleged in the indictment. The e-mails discuss sending R.J. Reynolds a list of Sunflower and Pipestone's customers. The government plans to call a representative from R.J. Reynolds to lay the proper foundation for the e-mails from R.J. Reynolds. Furthermore, statements by defendants are admissible under Fed. R. Evid. 801(d)(2)(A) and (E). See Doc. 315.

### Statement 42

Statement 42 was made by Davis to a Ms. Honea. The indictment was dismissed as to Davis and he will not be present at the trial. Nor has the court found that he was a member of the alleged conspiracy. The government has not indicated who Ms. Honea is and whether it will call Ms. Honea as a witness. Therefore, statement 42 is inadmissible under Fed. R. Evid. 802.

### Statements 43-38

Statements 43-48 are statements made by defendants Grantham and Coble to Rebel employees Nathan Curry and Gary Toppings about the relationship between Sunflower, Rebel and DTW. Defendants argue that

---

[2] Statements 16-19 made by Noe, Hall, and Grantham to Houk, provided that they are relevant, appear to be admissible under Fed. R. Evid. 801(d)(2)(A) and (E). See Doc. 315.

the statements pre-date the conspiracy, are irrelevant, contain inadmissible hearsay and, of course, encourage a "guilt-by-association" verdict. These objections are not persuasive.

The government responds that Patrick Curry[3] and Toppings are going to be called as witnesses at trial. Statements 43-48 appear to be relevant and are admissible under Fed. R. Evid. 801(d)(2)(A) against Coble and Grantham. They are also admissible under Fed. R. Evid. 801(d)(2)(E) against Grantham.

### Statement 52

Danny Carter supposedly was told by defendant Coble that defendant Grantham said that it would not look good for Rebel to deliver cigarettes to locations other than Pipestone.

Defendants claim that statement 52 is double hearsay. The government responds that there will be no double hearsay problem at trial because Danny Carter will testify about the statement. Has anyone looked at Rule 805 lately? Defendants' objection will be revisited if it is properly presented.

### Statements 61-62

Defendants argue that statements 61-62 are testimonial statements and are inadmissible under both the Sixth Amendment and Fed. R. Evid. 802. The government responds that Grantham's statements are not subject to Crawford v. Washington, 541 U.S. 36 (2004) because they are admissions against a party opponent under Fed. R. Evid. 801(d)(2)(A).

The parties do not dispute that statements 61-62 are testimonial.

---

[3] The court assumes that Patrick Curry and Nathan Curry are the same person and there is a mix up on Mr. Curry's first name. See Doc. 296 at 3.

Grantham made the statements to law enforcement during questioning regarding the traffic stop of Davis. See United States v. Smalls, 605 F.3d 765, 777 (10th Cir. 2010) ("[Statements] are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the [police] interrogation is to establish or prove past events potentially relevant to later criminal prosecutions."). Grantham's statements are not admissible against his codefendants.[4] However, the Tenth Circuit has never held that Confrontation Clause gives a defendant the right to confront oneself. Torres v. Roberts, No. 07-3176, 2007 WL 3302437, at *2 (10th Cir. 2007). Therefore, Grantham's statements are admissible against him only under Fed. R. Evid. 801(d)(2)(A).

Statements 63-71

Defendants also claim that statements 63-71 are testimonial and inadmissible under the Sixth Amendment and Fed. R. Evid. 802. The statements were made by Coble to law enforcement and during the grand jury.

For the same reasons as discussed in the previous section, the court finds that Coble's statements are testimonial. Crawford, 541 U.S. at 68 (stating that grand jury testimony and during police interrogations are "testimonial"). Therefore, Coble's statements are admissible against him only under Fed. R. Evid. 801(d)(2)(A).[5]

---

[4] At this point, there does not appear to be a Bruton issue as Grantham does not reference any codefendants in statements 61-62. The government will redact any portion of defendants' statements that it believes would violate Bruton. (Doc. 296 at 4).

[5] The court notes the government's plan to redact any portion of defendants' statements that would violate Bruton. Objections, if any, to the government's redactions will be taken up closer to trial.

Statement 72

Statement 72 was made by Deanna Herr, Hall's daughter, to law enforcement. The government has not included Ms. Herr in the list of witnesses who will testify at trial and has not specifically responded to defendant's argument so the court cannot make a definitive ruling regarding the admissibility of her statement. At this juncture, Ms. Herr is not alleged to be a coconspirator. Therefore, what Ms. Herr told law enforcement is inadmissible under Fed. R. Evid. 802. On the other hand, should she testify or if her statement is found to be admissible on some other basis, the fact that Hall contradicted her does not make Hall's statement admissible unless Hall can provide appropriate authority supporting its admissibility.

Statements 73-74

Jeremy Hooker made statements 73-74 to law enforcement. Defendants claim that Hooker's statements are testimonial and inadmissible under the Sixth Amendment and Fed. R. Evid. 802.

For the same reasons discussed supra, the court finds that Hooker's statements are testimonial. Crawford, 541 U.S. at 68 (stating that grand jury testimony and during police interrogations are "testimonial"). Therefore, Hooker's statements are admissible against him only under Fed. R. Evid. 801(d)(2)(A).[6]

Privileged materials

Defendants move to preserve their right to assert the attorney-

---

[6] The government intends to use statements 61-74, it must submit limiting instructions. Defendants may object or submit their own limiting instructions. However, the court is totally unpersuaded by defendants' generic argument that a jury cannot understand and follow proper limiting instructions.

client and work-product privileges in the documents "leaked" to the government's taint team.  The government responds its "taint team is in the process of reviewing all such documents, and is making every effort to resolve this issue without further involvement from the court."  (Doc. 296 at 12).

The court will leave this issue to the parties to resolve and take up any objections prior to trial should they arise.

### Audio recordings

Defendants were recorded while in transport following their arrests.  Defendants move to exclude the recordings and references to what was said at trial.  The government responds that subject to defendants opening the door at trial, it will not introduce evidence concerning the matters discussed by defendants in the recordings.

The court will take up objections, if any, regarding the audio recordings prior to trial.

### Conclusion

Defendants' motion in limine to exclude inadmissible evidence (Doc. 259) is granted in part and denied in part.  Defendants' motions to join (Docs. 264, 267, 270, 272, and 304) are granted.

IT IS SO ORDERED.

Dated this  12th  day of July 2010, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE